IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MANNY, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 3:05-cv-51-WDS |
| ) | |
| CITY OF CENTRALIA, et al., ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Compel or Dismiss filed by Defendants City of Centralia, Larry Evans, David Nichol, Gary Denton, and Joe Rizzo on April 18, 2006 (Doc. 26). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED IN PART and GRANTED IN PART**, by way of **DENYING** the defendants's request to reimburse costs and **GRANTING** the defendants's request that the case be dismissed, and that the District Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The plaintiffs, Robert Manny and Ernestine Manny, filed a complaint on January 27, 2005, alleging that the defendants violated their constitutional rights by exercising excessive force during an arrest. On March 17, 2005, Judge Gilbert set a presumptive trial month of May, 2006. On September 15, 2005, the plaintiffs's attorney moved to withdraw as their representative, asserting that the plaintiffs had not cooperated with him "in the prosecution of the case." (Doc. 15). In an Order dated December 6, 2005 (Doc. 20), the Court ordered the parties to

appear at an in-person status conference set for December 12, 2005. In defiance of that Order, neither the plaintiffs nor an attorney on their behalf appeared at the status conference. This Court then issued an Order (Doc. 22) instructing the parties to appear for a show cause hearing on January 13, 2006, wherein the plaintiffs were to explain their failure to appear at the scheduled conference, whether they have secured new counsel, and whether they wish to continue prosecuting the case.

     The plaintiffs appeared at the January 13th show cause hearing without counsel (Doc. 24). The plaintiffs stated at the hearing that they failed to make the previously scheduled hearing because they lacked transportation (Doc. 24). The Court specifically admonished the plaintiffs, explaining that they must appear at all scheduled events, and that they must contact chambers if they cannot appear as scheduled (Doc. 24). The Court also warned the plaintiffs that any subsequent failure to attend a scheduled hearing would subject them to sanctions, including the dismissal of their lawsuit (Doc. 24).

     On February 22, 2006, the Court amended the scheduling order, resetting the presumptive trial month to October of 2006 (Doc. 25). On March 2, 2006, the defendants sent the plaintiffs a notice to take their depositions on April 12, 2006 (Doc. 26). The plaintiffs failed to appear on April 12th for the scheduled depositions (Doc. 26). The defendants then moved the Court to compel the plaintiffs to attend the next scheduled deposition and require them to reimburse the defendants's costs and hourly fees of traveling from Belleville to Centralia for the deposition at which they failed to appear (Doc. 26). Defendants moved, in the alternative, that the Court dismiss the plaintiffs's action for failure to prosecute, stating that the defendants would waive their claim for reimbursement of fees if the case were indeed dismissed (Doc. 26). To date, the

plaintiffs have filed no response to the defendants's Motion to Compel or Dismiss.

## CONCLUSIONS OF LAW

Rule 37(d) of the Federal Rules of Civil Procedure provides that "if a party ... fails to appear before the officer who is to take the deposition, after being served with proper notice ... the court in which the action is pending on motion may make such orders in regard to the failure as are just[.]" (2006). Rule 37(d) further states that "the court shall require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id. In this case, the plaintiffs have failed to appear for a deposition for which they had notice, and the defendants have moved for expenses or a dismissal of the case for want of prosecution. The Court thinks that the proper relief in this case is a dismissal because the plaintiffs have half-heartedly pursued prosecution of this matter, which is evident from the following facts: (1) the plaintiffs failed to appear at a scheduled hearing before this Court on December 12, 2005; (2) the plaintiffs did not attempt to contact the Court to reschedule the December 12th hearing once they had realized that they had no transportation to the court house; (3) the plaintiffs failed to acquire new counsel after their original attorney withdrew; (4) the plaintiffs failed to appear for the April 12, 2006 deposition and made no attempt to prior notify the defendants that they could not appear; and (5) the plaintiffs did not file a response to the defendants's instant motion in the intervening five months between when it was filed and today. Further, the Court warned the plaintiffs in its January 17th Order that failures to attend scheduled events would subject the plaintiffs's case to dismissal (Doc. 24). These facts seem to indicate, cumulatively, that the plaintiffs have abandoned this action, thus making dismissal for lack of

prosecution appropriate.

Further, although an award of expenses is authorized under Rule 37, the Court finds that the defendants's alternative request for dismissal would be more justly granted in light of the plaintiffs's evident financial problems.  More specifically, the Court believes that if the plaintiffs lacked the financial resources to travel from Centralia to East St. Louis for a scheduled hearing, they would have substantial difficulty paying the $423.60 that the defendant seeks pursuant to his motion for costs and fees.  Thus, an award of expenses would be unjust in light of the circumstances here.

For the reasons set forth above, it is the **RECOMMENDATION** of this Court that the Motion to Compel or Dismiss filed by the defendants on April 18, 2006 (Doc. 26) be **DENIED IN PART and GRANTED IN PART**, by way of **DENYING** the defendants's request to reimburse costs and **GRANTING** the defendants's request that the case be dismissed, and that the District Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after issuance of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 5, 2006**

>     *s/ Donald G. Wilkerson*
>     **DONALD G. WILKERSON**
>     **United States Magistrate Judge**